ANDREW NEILL v. RICHARD H. WATSON.

Where there is a failure of title in a contract of sale of land, the measure of
damages is the money actually paid under the contract, with interest at
eight per cent. to the time it is recovered.

ERROR from Comal.    Tried below before the Hon.
I. N. Everett.

On the fourteenth of October, 1853, Andrew Neill en-
tered into a contract of sale with R. H. Watson for eight
hundred and seven acres of land in Guadalupe county,
part of the Cody one-third of a league, which had been
purchased by Neill at administrator's sale of the estate
of Michael Cody.   By this contract Watson agreed to
pay the sum of $2.50 per acre, and gave notes therefor in
$504.27½ each, payable yearly, beginning on January 1,
1855.    On the fifteenth of October, 1857, Neill brought
suit in the District Court of Guadalupe county against
Watson on one of these notes, dated October 14, 1853,
and due January 1, 1857, and prayed a foreclosure of his
lien.    April 2, 1858, Neill filed another suit on a similar
note, due January 1, 1858.   These two suits were con-
solidated and the venue afterwards changed to Comal
county.

Subsequent to the contract of sale, one Jacob Cody
brought suit for the land, and Niell afterwards purchased
his title to make that of Watson good.

During the pendency of this case also one Catherine
Cody sued Watson and Neill for the land and recovered
possession, which judgment was affirmed in the Supreme
Court and Watson evicted.   This cause was continued
from time to time, awaiting the result of Cody v. Neill.

Watson, in defense, charged fraud upon Neill in sell-
ing him the land, set up the failure of consideration after

his eviction, and reconvened, claiming back the money with interest which he had paid Neill in 1858, damages for valuable improvements and expense of defending title.

On the seventh day of October, 1871, the case was submitted to a jury, and judgment was rendered in favor of Watson for $6000. Watson afterwards entered three *remittiturs*, amounting in all to $2800, leaving judgment for $3200.

On the trial the court instructed the jury as follows:

"The plaintiff Neill brings this suit upon certain promissory notes described in the petition, alleged to have been made, executed and delivered by the defendant Watson to the plaintiff in accordance with a contract entered into between the plaintiff and defendant, by which said Neill sold to the defendant a certain tract of land, which is described in the bond made by Neill.

"Both parties admit the execution of the bond offered in evidence, and also of the notes sued upon. By the contract plaintiff was to deliver to Watson a good and sufficient deed for the land sold, whenever the notes should be paid by the said Watson.

"Afterwards another party, Cody, sued for and recovered the land sold by Neill, by proving a better title.

"When the third party (Cody) had been adjudged by the court to be the true owner of the land in question, Watson was no longer bound to Neill by the notes he had made, because Neill's title had failed. Watson could then rescind the contract.

"The only question, therefore, for your consideration is to ascertain the damages which Watson has sustained at the hands of Neill by reason of the failure of Neill's title. To ascertain this damage, you will find from the evidence offered on trial what amount Watson has paid upon the notes described in the pleadings. You will include principal and interest, all the money

Watson has paid upon the notes.   This is matter of fact for you to find from the evidence.

"If you find that any of the notes made by Watson were in Neill's possession, and have again come into Watson's possession, the presumption in the absence of other evidence is that Watson has paid such notes; but in deciding what payments Watson has made you will consider all the evidence offered.   In computing Watson's damages, you will allow him interest at eight per cent. per annum upon all payments he made, counting from the time he made such payments.

"If you find from the evidence that Neill designedly practiced fraud upon Watson, using cunning and deception to deceive him, you may find further damage for Watson, and in this connection you may take into account reasonable attorney fees in this case, not to exceed the amount claimed.   You will state the amount of damages in one sum total in your verdict."

*Shepard, Searcy & Shepard*, for plaintiff in error.— There was manifest error in not charging the jury that the true measure of damages was the amount of the purchase money actually paid by Watson to Neill, with legal interest from date of payment.   That this is the true rule is now well settled.   (Sedgwick on Measure of Damages, pp. 159–171;  4 Kent's Com., 476;  Rawle on Cov. for Title, pp. 58–65;  Sutton v. Page, 4 Texas, 142;  Durst v. Swift, 11 Texas, 283;  Hall v. York, 16 Texas, 23;  Taylor v. Witherspoon, 23 Texas, 663;  Duncan v. Magette, 25 Texas, 245.)

The court erred in instructing the jury that Watson had the right to recover his attorney fees from Neill by way of damages.   (10 Pick., 204;  7 Cushing, 160;  2 Metcalf, Mass., 233;  9 Richardson Law R., S. C., 380;  25 Ga., 566;  4 Kent's Com., 477;  4 Green, N. J., 313;  2 Harrison, N. J., 306;  Rowe v. Heath, 23 Texas, 620.)

*White & Goodrich*, for defendant in error, cited the following authorities: Neill v. Cody, 26 Texas, 286; 4 Kent, 476; 11 Texas, 281; 16 Texas, 23; 23 Texas, 620; Flack. v. Neil, 22 Texas, 253; 2 Greenl. on Ev., 527; 27 Texas, 757; Peck v. Hensley, 20 Texas, 673; Sayles' Practice, Sec. 529; 27 Texas, 764; 5 Texas, 504; 6 Texas, 412; 21 Texas, 361, 538; 25 Texas, 251; Williams v. Warnell, 28 Texas, 610; Dewitt v. Miller, 9 Texas, 239.

WALKER, J.—The charges of the court to the jury are correct, and the *remittitur* entered upon the verdict leaves no ground for complaint against vindictive damages. Neill was certainly responsible to Watson for all the money he had received on the land, with eight per cent. interest, to say the least, and the judgment is for no more.

The judgment is affirmed.

                                                   AFFIRMED.